ANNA CAFFARO, PLAINTIFF-APPELLEE, v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October term, 1935—Decided February 19, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the plaintiff-appellee, *Philip M. Brenner* (*George L. Burton,* of counsel).

For the defendant-appellant, *Clifford I. Voorhees.*

BROGAN CHIEF JUSTICE. This is an appeal from a judgment of the Middlesex County Court of Common Pleas in favor of the plaintiff and against the Metropolitan Life Insurance Company, defendant.

The plaintiff was the beneficiary named in a policy of insurance in the amount of $2,000, issued by the defendant to her husband, Antonino Caffaro, which contained an accidental death benefit provision to the effect that the company agreed to pay to the beneficiary an additional sum of $2,000 upon "proof of the death of the insured, as the result, directly and independently of all other causes, of bodily injuries sustained through external, violent and accidental means, provided * * * that death shall not have been the result of self-destruction, * * *."

The company refused to pay the accidental death benefit on the ground that the deceased committed suicide.

The deceased was a baker by trade. His hours of work were at night and it was therefore customary for him to go to bed some time after twelve o'clock noon. At about noon of the day of his death he and his wife had been having a cup of coffee together in the kitchen of their home. He announced that he was going to bed shortly and, since she was to undertake some work in another part of the house, he requested her,

on her way out, to lock the kitchen door because he was going to sleep in the room immediately adjoining the kitchen. Some three hours later his body was discovered in the kitchen, slumped over the table. His death was caused by asphyxiation, the room being filled with gas which came from the gas stove in the kitchen. The gas was still escaping from an open burner on the stove, on which was a coffee pot, and there was evidence from which a jury might infer that the coffee had boiled over, and had extinguished the gas flame, and that the deceased had met his death in that accidental fashion. There was testimony that there were coffee grounds plainly visible on the sides of the coffee pot and on the tray of the gas stove itself, in support of this inference.

At the close of the plaintiff's case, the defense introduced testimony tending to support its affirmative defense that the death of Mr. Caffaro was a result of suicide. There was testimony also to the effect that the deceased was in a state of ill health from which, the defendant argued, a motive for suicide existed. One witness for the defense testified that a piece of rubber tubing had been attached to one of the pipes of the gas stove, while for the plaintiff there was testimony that the piece of rubber tubing was not only not connected with any pipe of the gas stove but that when the body of the deceased was discovered the tubing was lying on top of the stove where it had been for some days and, further, that it was impossible to connect it with one of the gas pipes unless the grating and burner of the pipe in question had been removed, which had not been done; and, further, that the tubing in question did not fit any of the pipes of the stove. In this discrepant state of the testimony, the determination of the facts was properly left to the jury.

The reasons advanced for a reversal of this judgment are, first, that the plaintiff failed to sustain the burden of proving death through external, violent and accidental means. This is not a valid ground of appeal. It does not point to any alleged erroneous judicial action. There was no motion made for nonsuit on any such ground but it was advanced as a reason for a direction of verdict so we will consider it in connection with such motion for directed verdict. The motion

for directed verdict rested upon the proposition that there was no proof before the court that the deceased met his death as the result of violent, external and accidental means, as required by the terms of the policy. The proofs show that the deceased died as a result of inhalation of gas; that death, under these circumstances, results through external means, is evident. By the same token, the death was violent if it resulted by reason of an external agency and was not in the ordinary course of nature; it was a violent death in the sense that it was not a natural death. This seems to us to be too obvious for discussion. The only issue remaining is: Was the death accidental? If it was, the plaintiff has sustained the burden of proving that the decedent came to his death within the meaning of the language of the policy. Upon this issue, the proofs are in a state of discord, as is evident from what has been said above, and the fact was determined by the jury.

In discussing the motion for directed verdict, the court took the position that it was the burden of the defendant to show that death came from self-destruction. Now this was an erroneous conception of the law of the case, but under all the circumstances we do not consider that it was harmful error. All of the evidence was in and it remained only for the court to charge the jury. The denial by the court of the motion for a directed verdict was misconceived, yet the motion for directed verdict was properly denied on other grounds, namely, that it was for the jury to say whether the decedent had come to his death by means that were external, violent and accidental. The first two grounds for reversal therefore fail.

The appellant likewise challenges the court's charge to the jury. We are of the opinion that the charge to the jury properly laid down the pertinent legal principles for the jury's guidance in the determination of the issues here involved, and was directly in line with the opinion of the Court of Errors and Appeals in the case of *Kresse* v. *Metropolitan Life Insurance Co.,* 111 *N. J. L.* 474; 168 *Atl. Rep.* 634.

We have examined the other grounds for reversal, and finding them ineffectual to disturb the judgment, have determined that they need no discussion.

The judgment is affirmed, with costs.